UNITED STATES of America,
Plaintiff–Appellee,

v.

Johnny E. GATEWOOD, Defendant–
Appellant.

No. 98–5138.

United States Court of Appeals,
Sixth Circuit.

Argued April 22, 1999.

Decided July 6, 1999.

Tony R. Arvin, Asst. U.S. Atty. (argued and briefed), Office of U.S. Atty., Memphis, TN, for Plaintiff–Appellee.

K. Jayaraman (argued and briefed), Memphis, TN, for Defendant–Appellant.

Before: KEITH, MERRITT, and DAUGHTREY, Circuit Judges.

## OPINION

MERRITT, Circuit Judge.

The defendant, Gatewood, appeals his conviction and sentence on kidnapping and robbery charges. He claims that the District Court violated his constitutional rights by admitting certain evidence and by sentencing him to life in prison under the federal "three strikes" statute, 18 U.S.C. § 3559(c). Following the Supreme Court's decision in *Cooper v. Oklahoma*, 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996), we affirm the conviction but overturn the sentence because the statute's requirement that a defendant disprove the violent nature of previous robberies by the heightened standard of "clear and convincing evidence" violates the Due Process Clause of the Fifth Amendment.

## I. BACKGROUND

### A. The Conviction

In July 1995, a federal Grand Jury returned a three count indictment against the defendant for robbery and kidnapping.

On February 24, 1995, the defendant kidnapped two women, Ambry Adams and Nikki Deckelman, from the parking lot of a Memphis restaurant. The defendant then forced the two women to drive to Arkansas where he robbed them before they could escape. Two nights later, the defendant robbed a Memphis motel at gunpoint. On February 28th, Deckelman and Adams positively identified the defendant as their kidnapper at a police photographic lineup. The defendant's picture was slightly larger than the others (4"x 6" versus 4"x 5"), and although all of the subjects were black, the defendant was dark-complexioned, while the other subjects were of lighter complexions. The defendant's photograph was also the only one picturing a sandy gray beard, though all the subjects had some facial hair. On the night of the kidnapping, Adams and Deckelman told the police that their assailant was dark-complexioned with a sandy gray beard.

The police arrested the defendant on March 1, 1995, and he was later interrogated by Sergeant Michael Fuller. The defendant then signed a confession admitting the February 24th and 26th crimes. Before trial began, the defendant filed motions to suppress the photographic identification by Deckelman and Adams and his confession to the police. At an evidentiary hearing before a Magistrate Judge, both Adams and Deckelman testified that they had a clear look at the defendant's face more than once during their abduction. The Magistrate heard conflicting testimony regarding the circumstances of the defendant's confession and preceding police interrogation. The defendant claimed that Fuller grabbed him and threw him back down into his chair at one point, all while wearing his gun. The defendant also claimed that Fuller threatened to charge him with additional crimes if he did not admit to the February 24th and 26th crimes and that he suggested the defendant would never be able to have sex with his wife again. Fuller testified that he did not use any physical force against the de-

fendant. Fuller's testimony was corroborated by the transcriptionist, Terrell Hobbs, who was present during the interrogation. The Magistrate denied the defendant's motions, and the District Court adopted the Magistrate's Report. The defendant was convicted on all counts of his indictment in March 1997, following a jury trial.

## B. The Sentence Under the "Three Strikes" Statute

Prior to sentencing, the defendant's Presentence Investigation Report indicated that the defendant met the criteria for a sentence under the federal "three strikes" statute, 18 U.S.C. § 3559(c). The government used two prior felonies to trigger life imprisonment without parole under the "three strikes" statute: (1) armed robbery in 1971 and (2) aggravated robbery in 1976.

Under the three strikes statute, a defendant receives "mandatory life imprisonment" if he is convicted of a "serious violent felony" and has been convicted of two or more "serious violent felonies" in the past. 18 U.S.C. § 3559(c)(1). The term "serious violent felony" specifically includes "robbery," § 3559(c)(2)(F)(i), but a prior felony robbery conviction does not serve as a strike if a defendant can prove "by clear and convincing evidence" that it was "nonqualifying":

(3) **Nonqualifying felonies.—**

(A) **Robbery in certain cases**—Robbery, an attempt, conspiracy, or solicitation to commit robbery; or an offense described in paragraph (2)(F)(ii) shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that-

(i) no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and

(ii) the offense did not result in death or serious bodily injury ... to any person.

§ 3559(c)(3)(A) (emphasis added). The defendant provided no proof that any of his previous robbery felonies were "nonqualifying." The defendant alleged only that he could not locate witnesses who recalled the circumstances surrounding the crimes. It is possible that the defendant committed aggravated robbery in 1976 without a dangerous weapon or death or injury to the victim because his conviction was under an Arkansas statute that also criminalized "attempts" to inflict death or injury while committing robbery.[1] Thus the parties' burden of proof may be decisive in this case. If the defendant's conviction was based only on an "attempt," the "strike" for aggravated robbery in 1976 would not be valid.

The District Court sentenced the defendant to life in prison under the three strikes statute without consideration of the fact that it is possible to violate the Arkansas aggravated robbery statute without acts that constitute a strike under the federal statute.

## II. ANALYSIS

The defendant claims that his sentence is unconstitutional because § 3559(c)(3)(A) of the three-strikes statute improperly places a heightened burden of proof on defendants to show that previous robbery convictions are "nonqualifying felonies." There is no doubt that § 3559(c)(3)(A)'s "clear and convincing evidence" burden of proof on the defendant is a departure from the government's general duty to establish sentencing factors by a preponderance of the evidence. See *United States v. Silverman*, 889 F.2d 1531, 1535 (6th Cir.1989). The Supreme Court,

however, has held that the there is no per se constitutional impediment to assigning the burden of proof to the defendant at the sentencing stage. See *Parke v. Raley*, 506 U.S. 20, 34, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). Thus, the question before us now is limited to whether § 3559(c)(3)(A)'s "clear and convincing evidence" standard is too great a burden for a defendant to bear when establishing "nonqualifying felonies" under the three-strikes statute.

The recent Supreme Court Due Process decision of *Cooper v. Oklahoma*, 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996), appears to forbid § 3559(c)(3)(A)'s assignment of a "clear and convincing evidence" burden of proof to a defendant. In Cooper, an unanimous Court struck down a state statute requiring a criminal defendant to prove incompetence to stand trial by "clear and convincing evidence." The Court had previously upheld another state statute requiring a defendant to prove incompetence by a "preponderance of the evidence." See *Medina v. California*, 505 U.S. 437, 449, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992). The Court struck down the clear and convincing evidence standard because it found that the risks and costs of an erroneous determination of incompetency were significantly greater than placing the burden on the government or placing a preponderance of the evidence standard on the defendant. "The more stringent the burden of proof a party must bear, the more that party bears the risk of an erroneous decision." *Cooper*, 517 U.S. at 362, 116 S.Ct. 1373 (citations omitted). Under a preponderance of the evidence standard, the risk of an erroneous determination affected only "the narrow class of cases in which the evidence on either side was equally balanced." *Id.* at 363, 116 S.Ct. 1373 (citing *Medina*, 505 U.S. at 449, 112 S.Ct. 2572). Under a "clear and convinc-

---

**1.** The Arkansas Code § 41.2102 provides:

Aggravated robbery.—(1) A person commits aggravated robbery if he commits robbery as defined in section 2103 [§ 41.2103] and he:

(a) is armed with a deadly weapon, or represents by word or conduct that he is so armed; or
(b) inflicts or attempts to inflict death or serious physical injury upon another person.

ing evidence" standard, the Court was concerned that there would be a class of cases in which a defendant would not prevail under a higher burden of proof even though he could prove that he is "more likely than not incompetent" under a preponderance standard. *Id.* at 364, 112 S.Ct. 2572. The consequences of an erroneous presumption of competency may be severe, e.g., diminished capacity to communicate with counsel and exercise fundamental trial rights. See *id.* The Cooper Court held that the defendant's fundamental right to be competent at trial outweighed the State's interest in an efficient criminal justice system. The Court thus found no "sound basis for allocating to the criminal defendant the large share of the risk which accompanies a clear and convincing evidence standard." *Id.* at 366, 112 S.Ct. 2572.

The same reasoning applies to 18 U.S.C. § 3559(c)(3)(A). The risk of error incurred by the defendant is no less than the risk concerned in Cooper, while the cost of such an error may be even greater. Under § 3559(c)(3)(A)'s "nonqualifying" felony provision, the defendant is burdened with producing proof of facts concerning old offenses when witnesses and memories of such events may now be unavailable. It simply may be impossible to be "clear and convincing" about facts of offenses that occurred twenty years ago. In this case, the Arkansas statute could have been violated in 1976 by an "attempt" that would not trigger the three-strikes statute, though the defendant alleges that he could

not locate most of the witnesses associated with his 1976 conviction and that the witnesses he could locate had no recollection. Other defendants will no doubt face the same problem. It is therefore probable in many cases that a defendant may have enough evidence to prove that a previous felony is more likely than not "nonqualifying" yet not enough evidence to satisfy the clear and convincing standard. For such a defendant whose previous felony is in truth "nonqualifying," the consequences of an erroneous decision are rarely higher in the federal system, i.e., life imprisonment.

The defendant's burden of proof under § 3559(c)(3)(A) of the three-strikes statute thus fails to exhibit "fundamental fairness" as defined in Cooper's Due Process analysis because it imposes such a high risk and cost of error on defendants.[2] As a result, we strike § 3559(c)(3)(A)'s "clear and convincing evidence" burden of proof from the rest of the three strikes statute.[3] Section 3559(c)(3)(A)'s "nonqualifying felonies" provision will now read:

> **(A) Robbery in certain cases**—Robbery, an attempt, conspiracy, or solicitation to commit robbery; or an offense described in paragraph (2)(F)(ii) shall not serve as a basis for sentencing under this subsection if-
>
> (i) no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and

---

2. We are not unmindful that the Seventh Circuit upheld the defendant's burden of proof under the "nonqualifying felonies" provision of the three-strikes statute. See *United States v. Wicks*, 132 F.3d 383, 388–89 (7th Cir.1997). The Seventh Circuit panel did not, however, address the provision's "clear and convincing evidence" standard and thus did not reach the issue of Cooper's impact on the statute. The Ninth Circuit declared the statute unconstitutional, but the decision was vacated and is now pending before the court for resolution en banc. See *United States v. Kaluna*, 152 F.3d 1069 (9th Cir.1998).

3. We do not decide whether a defendant's "clear and convincing evidence" burden of proof under § 3559(c)(3)(B) is likewise unconstitutional. Section 3559(c)(3)(B) provides as follows:

> (B) Arson in certain cases—Arson shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that-
> (i) the offense posed no threat to human life; and
> (ii) the defendant reasonably believed the offense posed no threat to human life.

(ii) the offense did not result in death or serious bodily injury ... to any person.

Without assigning a "clear and convincing evidence" burden of proof to the defendant, § 3559(c)(3)(A) becomes no different than any other sentencing factor which the government bears the burden of resolving, if disputed, by a preponderance of the evidence. See *United States v. Silverman*, 889 F.2d 1531, 1535 (6th Cir.1989). In this case, the defendant claimed that his previous robbery convictions were "nonqualifying felonies," but he failed to produce any proof in support. On remand, the government will now have the burden of proving that the defendant's robbery convictions were not "nonqualifying" by a preponderance of the evidence.

■ Our invalidation of § 3559(c)(3)(A)'s burden of proof requires us to address whether this provision can be severed from the remainder of the statute. The Supreme Court has held that "[u]nless it is evident that the Legislature would not have enacted those provisions which are within its power, independently of that which is not, the invalid part may be dropped if what is left is fully operative as a law." *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 684, 107 S.Ct. 1476, 94 L.Ed.2d 661 (1987) (citations omitted). There is ample indication that Congress would have enacted the three-strikes statute independently of the "clear and convincing evidence" standard of proof under § 3559(c)(3)(A). The purpose of § 3559(c)(3)(A) is simply to limit the types of robberies that qualify as a strike under the statute. Severing § 3559(c)(3)(A)'s "clear and convincing evidence" burden of proof from the rest of the statute in no way compromises Congress's intent to qualify only certain robberies under the statute, nor does it affect the statute's handling of other crimes which qualify as strikes. Section 3559(c)(3)(A)'s burden of proof is only a procedural means of resolving whether a previous robbery was indeed "nonqualifying." The substantive concept of "nonqualifying felonies" remains intact in the statute and functions independently of the assigned burden of proof.

■ The defendant also attacks the three-strikes statute as a whole on constitutional grounds by arguing that it violates the Equal Protection Clause because it affords prosecutors discretion in selecting cases in which life imprisonment is sought. The defendant's argument has no merit. The type of prosecutorial discretion inherent in the three strikes statute has been frequently upheld by the Supreme Court and is a long established practice in the American criminal justice system. See, e.g., *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962).

■ The defendant also argues that his conviction was unconstitutional because his confession was involuntary and the photographic line-up was impermissibly suggestive. We find no merit to the defendant's claims. The defendant's confession is valid because there is neither evidence of coercive police activity nor evidence that the defendant's will was coercively overborne. The Supreme Court has held that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary.'" *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). In addition, courts must consider the "totality of circumstances" in determining whether a defendant's will was coercively overborne. *Ledbetter v. Edwards*, 35 F.3d 1062, 1067 (6th Cir.1994). Such circumstances may include the age, education and intelligence of the defendant, the length and extent of questioning, the use of physical punishment and the declaration of the defendant's Miranda rights. See *id.*

As the Magistrate noted, Fuller's interrogation of the defendant was "conducted during regular business hours" and was not "unduly lengthy," lasting only 3.5 hours. The defendant also received Miranda warnings on three occasions during the interrogation and was allowed to make

phone calls. Still, the defendant claims that Fuller intimidated him into confessing by picking him up and throwing him down into his chair and by threatening to charge him with other crimes and keep him from his wife. The defendant also alleges that the content of his written confession was never explained to him even though the police knew that he could not read. Fuller and Hobbs contradict the defendant's allegations of physical assault, and Fuller also claims that Sergeant Langolier read the defendant's confession to him before he signed it. The Magistrate found Fuller's and Hobbs's testimony more credible than the defendant's because the defendant was a sophisticated and violent career criminal who was unlikely to suffer confusion or intimidation during interrogation. We see no reason to second guess the Magistrate's credibility determination.

■ There was similarly no constitutional basis for the District Court to exclude the pre-trial identification of the defendant by Adams and Deckelman. Identification evidence violates a defendant's due process right only if the identification procedure was "impermissibly suggestive" and the identification was unreliable. *United States v. Hill*, 967 F.2d 226, 230 (6th Cir.1992). The reliability of an identification depends on: (1) the witness's opportunity to view the defendant at the time of the crime, (2) the witness's attentiveness during the crime, (3) the accuracy of the witness's description prior to the identification, (4) the witness's level of certainty when identifying the defendant and (5) the length of time between the crime and the identification. See *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). We need not reach the issue of whether the line-up was "impermissibly suggestive" because we believe that the identification by Adams and Deckelman was reliable. Both women had clear views of the defendant during their abduction and identified him only four days later with little hesitation. Both women also gave

accurate descriptions of the defendant to the police before their photographic identification.

We affirm the defendant's conviction in the District Court, but we vacate and remand the defendant's sentence for further proceedings consistent with this opinion.