UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JOSE HERNANDEZ-GUTIERREZ, a/k/a
Antonio Montana Flores,
          *Defendant-Appellant.*

No. 00-4642

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-00-126-A)

Submitted: March 27, 2001

Decided: April 16, 2001

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Joaquin M. Sena, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jose Hernandez-Gutierrez pled guilty to one count of reentry by a deported alien in violation of 8 U.S.C.A. § 1326 (West 1999 & Supp. 2000). At sentencing, the district court found that Hernandez-Gutierrez had been convicted of two prior aggravated felonies, making the statutory maximum sentence a twenty-year term of imprisonment. *See* 8 U.S.C.A. § 1326(b)(2). Hernandez-Gutierrez argues that he should have been sentenced under the provisions of § 1326(a), which provides a maximum sentence of two years, because the government did not charge a violation of § 1326(b)(2) in the indictment. We affirm.

Because the Supreme Court has held that § 1326(b)(2) sets forth a sentencing factor rather than an element of the offense, this claim is without merit. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Contrary to Hernandez-Gutierrez's assertions, we find that *Almendarez-Torres* was not overruled by *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000) (finding that *Apprendi* did not overrule *Almendarez-Torres*), *cert. denied*, 121 S.Ct. 1214 (2001); *United States v. Gatewood*, 230 F.3d 186, 192 (6th Cir. 2000) (finding that, despite *Apprendi*, *Almendarez-Torres* remains the law); *see also Columbia Union Coll. v. Clarke*, 159 F.3d 151, 158 (4th Cir. 1998) (stating that lower courts should not presume that the Supreme Court has overruled one of its cases by implication; courts must follow case law that directly controls unless clearly overruled by subsequent Supreme Court case), *cert. denied*, 527 U.S. 1013 (1999).

Consequently, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*