UNITED STATES of America,
Plaintiff–Appellee,

v.

Orville A. DWYER, Defendant–
Appellant.

No. 99–2483.

United States Court of Appeals,
Sixth Circuit.

July 16, 2001.

Before GUY, NORRIS, and GILMAN,
Circuit Judges.

PER CURIAM.

Defendant, Orville A. Dwyer, appeals from his judgment of conviction and sentence for possession with intent to distribute approximately 10 pounds of hashish oil. First, defendant argues (1) that statements he made should have been suppressed or the indictment dismissed because the statements were obtained in violation of the Vienna Convention on Consular Relations; and (2) that the district court abused its discretion by refusing to allow him to renew his motion to suppress or raise a new argument challenging the legality of his arrest. Second, defendant argues that the refusal to instruct the jury concerning drug quantity requires a new trial, or at least resentencing, under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Finally, defendant challenges the sufficiency of the evidence to support his conviction. After a review of the record and arguments presented on appeal, we affirm.

## I.

Based on information about defendant's activities and his prior drug arrests, a task force began 24–hour surveillance of defendant on August 2, 1995. Defendant, a Jamaican citizen, traveled from New York to Detroit and was staying in room 257 of the Red Roof Inn in Taylor, Michigan. When defendant left the motel, officers followed him and observed him driving in a manner that suggested he was attempting to detect surveillance. The officers stopped him for failing to signal for a turn. A drug dog alerted on the car, but no drugs were found. Defendant was let go without a citation, and the officers continued their surveillance.

The next afternoon, officers observed codefendant Audley Jones arrive at the Red Roof Inn in a car with Ontario license plates. Defendant met Jones outside the room and they spoke briefly before going into defendant's room. After about five minutes, Jones came out, walked to his car, took a grey sports coat from the car, and returned to the room. Ten or 15 minutes later, Jones came out of defendant's room carrying a black duffle bag covered by the sports coat. Jones placed the bag in his car and drove away.

State police, who were dispatched to stop Jones, stopped him for speeding shortly after he left the motel. During the stop, Jones consented to a search of the car. The sports coat in the passenger seat covered an unzipped duffle bag containing plastic baggies filled with a brown oily substance, which the trooper believed to be black tar heroin. Jones was arrested, advised of his *Miranda* rights, and placed in a patrol car. Jones allegedly told the officers that he had picked up the duffle bag from one individual and was to deliver it to someone else.

Jones was transported to the Taylor Police Department and was again advised of his rights. Jones said he wanted to cooperate and did not want to go to jail for "somebody else's stuff." When FBI Special Agent Grills asked Jones to sign an advice of rights form, Jones asked to have an attorney present. Nonetheless, when presented with a Red Roof Inn matchbook with the number "257" written on it, Jones volunteered that he no longer needed to tell police where he got the duffle bag. A criminal complaint was sworn charging defendant and Jones with possession with intent to distribute heroin.

Warrants for defendant's arrest and to search the motel room were executed that evening. Defendant was arrested and advised of his *Miranda* rights. Defendant then told Grills that he was going to Canada for a festival, but before he left New York a person he knew as "14" asked him to take a black bag with him to Canada.

Defendant told "14" that he would only take the bag as far as Detroit, where someone else could pick it up. Defendant said he intended to be paid for transporting the bag. When Jones came to the motel, defendant gave him the bag. Although defendant denied knowing what was in the bag, he said if he had to guess he would say the substance in the bag was hashish oil.

Based on his "guess" and a subsequent field test of the substance, the government amended the criminal complaint to designate hashish oil instead of heroin as the controlled substance involved. On August 17, 1995, defendant and Jones were indicted for aiding and abetting each other in the possession with intent to distribute approximately 10 pounds of hashish oil. Defendants moved to suppress statements and evidence on a number of grounds. On February 29, 1996, after an evidentiary hearing and supplemental briefing, the district court issued a written opinion granting in part and denying in part the motions to suppress.

In December 1996, the government filed an Information giving notice pursuant to 21 U.S.C. § 851 of its intention to seek increased penalties as a result of defendant's prior felony drug conviction. The case was then reassigned to another district judge, who set the matter for trial. Defendant failed to appear for trial, and a warrant was issued for his arrest. The trial proceeded as to Jones, who was acquitted.

Defendant was returned to Michigan in July 1998.[1] On September 8, 1998, a First Superseding Indictment was returned charging defendant with possession with intent to distribute approximately 10 pounds of hashish oil. Defendant, through new counsel, filed renewed motions to sup-

press statements and evidence and brought a new challenge to the legality of his arrest. Although the district judge did not hear the initial motions, he relied on the opinion of the judge who did and refused to reopen the matter.

Defendant then filed another motion to suppress evidence or dismiss the indictment due to the government's failure to advise defendant of his right to contact the Jamaican consulate. The district court denied that motion in an order entered on June 30, 1999. Defendant proceeded to trial and was convicted. The district court sentenced defendant to 80 months' imprisonment. This timely appeal followed.

## II.

### A. Denial of Defendant's Motions to Suppress

■■■ On appeal from the denial of a motion to suppress, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. *United States v. Jenkins*, 124 F.3d 768, 771–72 (6th Cir.1997). Defendant argues that the district court erred by denying his motion to suppress evidence as a result of the failure to advise him of his right to contact the Jamaican consulate in violation of Article 36 of the Vienna Convention on Consular Relations. Defendant concedes, however, that this argument is foreclosed by our decision in *United States v. Page*, 232 F.3d 536, 540–41 (6th Cir.2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 2202, —— L.Ed.2d —— (2001) (no right to exclude evidence or dismiss indictment for violation of Article 36 of the Vienna Convention).

Next, defendant argues that the trial judge erred by refusing to consider either his renewed motions to suppress or his

---

1. Defendant was arrested in New Mexico on an unrelated marijuana charge in September 1997 and was sentenced for that offense in April 1998.

new argument challenging the legality of his arrest. The district court rejected defendant's claim that our decision in *United States v. Ovalle*, 136 F.3d 1092 (6th Cir. 1998), voided the earlier decision on the motions to suppress, emphasizing that a proper superseding indictment was returned charging defendant with the same possession with intent to distribute hashish oil. As a result, the first district judge's decision to deny the motions to suppress remained in effect.

Defendant argues on appeal that the original indictment was dismissed, and he was convicted in a "separate proceeding." The record is clear, however, that the superseding indictment was returned before defendant, relying on *Ovalle*, filed his motion to dismiss the original indictment. In addition, under *Ovalle*, 136 F.3d at 1109, a challenge to a jury plan is waived if not brought pretrial.

The trial judge recognized that he had discretion to reconsider the suppression motions that were denied by another district judge in the same case. *See United States v. Todd*, 920 F.2d 399, 403 (6th Cir.1990). The issues raised in defendant's renewed suppression motions, however, were substantially similar, if not identical, to those considered by the first judge whose opinion carefully considered the various grounds for suppressing evidence and statements made by defendant and Jones. Defendant's new argument challenged whether there was probable cause to support the arrest warrant because the officers thought the controlled substance was black tar heroin when it was in fact hashish oil. The judge did not abuse his discretion by refusing to consider these arguments.

In addition, the warrant was based on the criminal complaint charging defendant with possession with intent to distribute heroin and the supporting affidavit of Agent Grills. The affidavit stated that in the opinion of an experienced narcotics officer, the semi-liquid substance found in the duffle bag appeared to be "black tar heroin." The fact that it turned out not to be heroin but was a different controlled substance does not undermine the magistrate judge's probable cause determination. *See United States v. Finch*, 998 F.2d 349, 352 (6th Cir.1993) (informant's statement, based on his experience, that substance was cocaine was sufficient to support probable cause).

## B. *Apprendi*

Defendant requested that the jury be instructed that it had to find the quantity of drugs as an element of the offense. The court denied the request, indicating quantity was a "sentencing issue." [2] The Court in *Apprendi* held that: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. At the same time, the Court expressly declined to overrule its earlier holding that sentencing factors may be used to increase the penalty for an offense without proof beyond a reasonable doubt. *See McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). Instead, the Court limited the holding in *McMillan* "to cases that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict[.]" *Apprendi*, 530 U.S. at 487 n. 13, 120 S.Ct. 2348.

---

**2.** A violation of 21 U.S.C. § 841(a)(1) may be established without proof concerning the quantity of drugs involved.

In this case, defendant was sentenced under 21 U.S.C. § 841(b)(1)(C), which applies to offenses involving one kilogram or more of hashish oil. Defendant was held responsible at sentencing for 4.173 kilograms of hashish oil. Since the jury was not instructed concerning the quantity of drugs, however, defendant could only be sentenced under § 841(b)(1)(D), which applies when less than one kilogram of hashish oil is involved. Under this section the maximum term of imprisonment is 60 months; unless the defendant has a prior felony drug conviction, and then the maximum is 120 months. Notice was filed pursuant to 21 U.S.C. § 851 that the government intended to seek increased penalties based on the defendant's prior felony drug conviction from the State of New York. Since defendant was sentenced to imprisonment for 80 months and the maximum under § 841(b)(1)(D) for a defendant with a prior felony drug conviction is 120 months, the government contends that defendant was not exposed to increased penalties beyond the applicable statutory maximum.

■ Defendant argues that *Apprendi* should be extended to prohibit the use of a prior conviction to increase the maximum statutory penalty unless the issue is submitted to the jury and proved beyond a reasonable doubt. While the Court in *Apprendi* suggested it might reconsider the recidivist issue in the future, it nonetheless declined to revisit its earlier decision upholding a sentencing enhancement based on the defendant's prior conviction. *See Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), *rehearing denied*, 530 U.S. 1299, 121 S.Ct. 24, 147 L.Ed.2d 1047 (2000). Thus, *Almendarez–Torres* remains the law of the land. *See United States v. Gatewood*, 230 F.3d 186 (6th Cir.2000) (*en banc* ).

■ Finally, defendant argues that his maximum penalty could not be enhanced to 120 months as a result of his prior conviction because the government did not refile the § 851 notice after the new indictment was returned curing the *Ovalle* error. As we discussed earlier, however, the original pre-*Ovalle* indictment was never dismissed. Rather, a First Superseding Indictment was returned by a newly constituted grand jury and filed in this case. Defendant has offered no authority to suggest that the filing of a superseding indictment would in any way invalidate a previously filed § 851 information. In terms of filing, § 851(a)(1) requires only that the information be filed "before trial, or before entry of a plea of guilty." The purpose of the requirement is to give notice to the defendant. *See United States v. Layne*, 192 F.3d 556 (6th Cir.1999), *cert. denied*, 529 U.S. 1029, 120 S.Ct. 1443, 146 L.Ed.2d 330 (2000). We find no reason to conclude that the § 851 information was made ineffective or insufficient as a result of the filing of the superceding indictment.

## C. Sufficiency of the Evidence

As his final point of error, defendant claims that the evidence offered against him at trial was insufficient to sustain his conviction for possession with intent to distribute hashish oil. On appeal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Defendant argues that no one saw or heard what happened in the motel room and no drugs were found in his room or on his person. As a result, he claims, there was insufficient evidence that he *knowingly* possessed the hashish oil. The evidence was that Jones got the duffle bag and the

narcotics from the defendant. When asked, defendant claimed not to know what was in the duffle bag, but said if he had to guess he would guess hashish oil. Also, Jones met defendant and took the bag because defendant was unwilling to cross the border into Canada with the bag in his possession. We are satisfied that there was evidence from which the jury could have found all the elements of the offense beyond a reasonable doubt.

**AFFIRMED.**