**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

JOSE GUADALUPE RODRIGUEZ-
MONTOYA,

        *Defendant-Appellant.*

No. 01-4317

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-00-112)

Submitted: November 20, 2001

Decided: December 10, 2001

Before WIDENER, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. John Stuart Bruce, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Scott L. Wilkinson, Assis-
tant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Jose Guadalupe Rodriguez-Montoya, a native and citizen of Mexico, pled guilty to one count of re-entry by a deported alien in violation of 8 U.S.C.A. § 1326 (West 1999). The district court found that Rodriguez-Montoya had been convicted of a prior aggravated felony, making the statutory maximum a twenty-year term of imprisonment. *See* 8 U.S.C.A. § 1326(b)(2). Rodriguez-Montoya contends that he should have been sentenced under the provisions of § 1326(a), which provides a maximum sentence of two years, because the Government did not charge a violation of § 1326(b)(2) in the indictment. As Rodriguez-Montoya did not raise this objection below, we review his claim for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

Because the Supreme Court has held that § 1326(b)(2) sets forth a sentencing factor rather than an element of the offense, this claim is without merit. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Moreover, we reject Rodriguez-Montoya's assertion that *Almendarez-Torres* was overruled by *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, ___ U.S. ___, 121 S. Ct. 1214 (2001); *United States v. Gatewood*, 230 F.3d 186, 192 (6th Cir. 2000).

We accordingly affirm Rodriguez-Montoya's sentence and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*