UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　　*Plaintiff-Appellee,*

v.

EDUARDO CORIA-VIEYRA,
　　　　　　　　*Defendant-Appellant.*

No. 01-4452

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-00-195)

Submitted: December 19, 2001

Decided: January 15, 2002

Before MOTZ and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Scott L. Wilkinson, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Eduardo Coria-Vieyra pled guilty to one count of re-entry by a deported alien in violation of 8 U.S.C.A. § 1326 (West 1999); 18 U.S.C. § 2 (1994). The district court found, after the Government filed a notice of sentencing enhancement, that the statutory maximum sentence was twenty years incarceration. *See* 8 U.S.C.A. § 1326(b)(2). Coria-Vieyra was thereupon sentenced to serve a prison term of fifty-seven months. He argues on appeal that he should have been sentenced under the provisions of § 1326(a), which provides a maximum sentence of two years, because the Government did not charge a violation of § 1326(b)(2) in the indictment.

Because the Supreme Court has held § 1326(b)(2) sets forth a sentencing factor rather than an element of the offense, this claim is without merit. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Contrary to Coria-Vieyra's assertions, *Almendarez-Torres* was not overruled by *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000) (finding *Apprendi* did not overrule *Almendarez-Torres*), *cert. denied*, 531 U.S. 1202 (2001); *United States v. Gatewood*, 230 F.3d 186, 192 (6th Cir. 2000) (en banc) (finding that, despite *Apprendi*, *Almendarez-Torres* remains the law); *see also Columbia Union Coll. v. Clarke*, 159 F.3d 151, 158 (4th Cir. 1998) (stating that lower courts should not presume the Supreme Court has overruled one of its cases by implication; courts must follow case law that directly controls unless clearly overruled by subsequent Supreme Court case). We accordingly find that *Almendarez-Torres* is controlling.

Consequently, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*