UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 99-4416

ANTHONY SCALES,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T.S. Ellis, III, District Judge.
(CR-98-114)

Submitted: November 7, 2000

Decided: January 30, 2001

Before WILKINS, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Frank Salvato, Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Alessandra DeBlasio, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony Scales appeals from his criminal judgment of conviction after a three day jury trial. The jury found him guilty of: Count 1, distribution of crack cocaine, 21 U.S.C.A. § 841(a)(1) (West 1999); Count 2, use and carry of a firearm during a crime of violence or drug trafficking offense, 18 U.S.C.A. § 924(c) (West 2000); Count 3, possession with intent to distribute crack cocaine, 21 U.S.C.A. § 841(a)(1); Count 4, use and carry of a firearm during a crime of violence or drug trafficking offense; Count 5, possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West 2000); Count 6, obstruction of justice, 18 U.S.C.A. § 1503(a) (West 2000); Count 7, attempted killing of a witness (tampering) and aiding and abetting, 18 U.S.C.A. §§ 1512(a)(1), 1512(h) & 2 (West 2000); Count 8, obstruction of justice, 18 U.S.C.A. §§ 1503(a), 1512(h) & 2; Count 9, use and carry of a firearm during a crime of violence or drug trafficking offense, 18 U.S.C.A. § 924(c); Count 11, possession with intent to distribute crack cocaine, 21 U.S.C.A. § 841(a)(1). Scales received a life sentence, plus forty-five years.

On appeal, Scales alleges that the district court erred by: (1) denying his motion to suppress evidence and his photographic identification; (2) admitting testimony under Fed. R. Evid. 404(b); (3) denying his motion to quash a grand jury subpoena; (4) denying his challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986); (5) denying his motions for acquittal for Counts 2 and 4 of the indictment; and (6) sentencing him to a life conviction under 18 U.S.C.A. § 3559 (West 2000). Finally, in his pro se supplemental brief filed with the court, Scales alleges that his § 841 sentences are improper based upon the Supreme Court's recent opinion in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). For the reasons that follow, we affirm.

First, we do not find that the district court's factual findings regarding Scales' motions to suppress the gun and drugs found on his person were clearly erroneous or that its ultimate decision to deny these motions was reversible error. *See United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). Likewise, we find no reversible error in the court's decision to deny his motion to suppress his identification by

the victim from a single photograph. *See United States v. Wilkerson*, 84 F.3d 692, 695 (4th Cir. 1996).

Second, we do not find that the court abused its discretion, *see United States v. Mark*, 943 F.2d 444, 447 (4th Cir. 1991), by denying Scales' motion to preclude evidence at trial, that he alleged was in violation of Fed. R. Evid. 404(b). We have reviewed the record and do not find that the court's decision to allow the evidence was "arbitrary or irrational." *United States v. Powers*, 59 F.3d 1460, 1464 (4th Cir. 1995) (citation omitted).

Third, Scales alleges that the district court should have granted his motion to suppress a grand jury subpoena seeking a tape-recorded statement made by the victim referenced in Count 6 in the presence of Scales' former attorney. Scales argued that because the victim recanted her earlier statement (that Scales had attempted to kill her) in the presence of Scales' and his former attorney, this statement was subject to the attorney-client privilege. *See In re Grand Jury Subpoena*, 102 F.3d 748, 750 (4th Cir. 1996). However, the district court properly found that the crime-fraud exception to the privilege applied in this circumstance and thus denied the motion. *Id.* at 750-51.

Fourth, Scales alleges that the district court erroneously denied his motion during voir dire that the prosecutor struck a potential juror because of her race in violation of *Batson*. Our review of the record, however, does not disclose that the district court clearly erred in finding the prosecution's explanation for striking the juror was race-neutral, *see United States v. Grimmond*, 137 F.3d 823, 833-34 (4th Cir. 1998), or in applying the proper *Batson* analysis. *See Purkett v. Elem*, 514 U.S. 765, 767-68 (1995).

Fifth, Scales alleges that his motions for acquittal on Counts 2 and 4 should have been granted. To the extent that he alleges the evidence was insufficient to support the convictions, this claim fails as the evidence viewed in the light most favorable to the government was sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942) (stating review standard); *United States v. Mitchell*, 104 F.3d 649, 653-54 (4th Cir. 1997) (listing elements of the offense). The fact that the gun involved in both counts may have been

the same is not a violation of double jeopardy. *See United States v. Camps*, 32 F.3d 102, 106-07 (4th Cir. 1994).

Next, Scales argues that his 1981 robbery conviction was not a proper predicate for his life sentence under 18 U.S.C.A. § 3559(c). This claim fails for several reasons. First, the panel opinions that Scales relies upon for this argument have been vacated by their respective en banc courts. *See United States v. Kaluna*, 192 F.3d 1188, 1197-98 (9th Cir. 1999) (en banc), *cert. denied*, 120 S. Ct. 1561 (2000); *United States v. Gatewood*, 230 F.3d 186 (6th Cir. 2000) (en banc). Second, because Scales failed to object to this sentence in the district court, we only review this issue for plain error, *see United States v. Fant*, 974 F.2d 559, 564-65 (4th Cir. 1992), and we find no such error.

Finally, in materials filed under Fed. R. App. P. 28(j), Scales alleges that his drug sentences are invalid under *Apprendi*. However, because the sentences Scales received for these convictions are below the statutory maximum, they are unaffected by *Apprendi*. *See United States v. Angle*, 230 F.3d 113 (4th Cir. 2000) (only sentences above statutory maximum need be vacated under *Apprendi*).

Accordingly, we affirm Scales' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*