**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Adiyat DIGGS, Defendant–Appellant.**

**No. 00–3721.**

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2001.

Before NELSON and MOORE, Circuit Judges; KATZ, District Judge.*

### ORDER

Adiyat Diggs appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

Diggs pleaded guilty to a charge of unlawful distribution of 50 grams of cocaine base, a violation of 21 U.S.C. § 841(b)(A)(iii). He was sentenced to 150 months of imprisonment to be followed by five years of supervised release.

In this timely appeal, Diggs's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Diggs was served with the brief and the motion. He has filed no response.

The motion to withdraw will be granted as it reflects that counsel has reviewed the entire record and proceedings and has submitted the following issue for review: whether Diggs's constitutional rights under the Fifth and Sixth Amendments were violated because Diggs's prior convictions were not charged in the indictment. Counsel asserts this issue, but recognizes that it lacks merit.

■ The fact of a prior conviction is a proper sentencing factor and, as such, the enhancement to a sentence on that basis is constitutional. *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Almendarez–Torres v. United States,* 523 U.S. 224, 230, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Gatewood,* 230 F.3d 186, 191–92 (6th Cir.2000) (en banc) (determining that defendant's prior convictions are mere sentencing factors that do not need to be charged in the indictment and proven beyond a reasonable doubt).

■ The record reflects that the district court properly accepted Diggs's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct.

1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady,* 397 U.S. at 755. The court explained to Diggs the rights he was waiving, the statutory maximum sentences involved, and the application of the Sentencing Guidelines. Fed.R.Crim.P. 11(c)(1), (c)(3). Diggs acknowledged his guilt of the crime charged.

Lastly, we have reviewed the record and all relevant transcripts, and we conclude that no other nonfrivolous issue exists.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.