# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.

PABLO EDWIN RAFAEL CEPEDA-VALDEZ,

             *Defendant-Appellant.*

No. 02-4629

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-02-3)

Submitted: March 21, 2003

Decided: March 31, 2003

Before WIDENER, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Jeanette Doran Brooks, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Pablo Edwin Rafael Cepeda-Valdez appeals the district court's order sentencing him to sixty-three months imprisonment following his guilty pleas to aggravated assault on a United States law enforcement officer in violation of 18 U.S.C. § 111 (2000), and illegal reentry into the United States after having been convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). In his appeal, filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel for Cepeda-Valdez claims that 8 U.S.C. § 1326 is facially unconstitutional because it subjects defendants to statutory sentencing enhancements in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).* This claim was not preserved in the district court. Accordingly, it is reviewed for plain error. *United States v. Cotton*, 535 U.S. 625, __, 122 S. Ct. 1781, 1785 (2002); *United States v. Ford*, 88 F.3d 1350, 1355 (4th Cir. 1996).

In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that § 1326(b)(2) is a penalty provision and, therefore, a sentence under that section could be enhanced based on a prior conviction even if the fact of the earlier conviction was not charged in the indictment. Cepeda-Valdez contends that *Almendarez-Torres* may no longer be valid after *Apprendi*. We disagree. The Supreme Court declined to revisit *Almendarez-Torres* in *Apprendi*, so *Almendarez-Torres* remains in force. *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, 531 U.S. 1202 (2001); *United States v. Gatewood*, 230 F.3d 186, 190 n.1 (6th Cir. 2000); *see also Columbia Union Coll. v. Clarke*, 159 F.3d 151, 158 (4th Cir. 1998) (lower courts should not presume that the Supreme Court has overruled one of its cases by implication; courts must follow case that

---

*Although Cepeda-Valdez was informed of his right to file a pro se supplemental brief, he has not done so.

directly controls unless clearly overruled by subsequent Supreme Court decision). Accordingly, this claim lacks merit.

We have reviewed the record in accordance with *Anders* and find no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*