NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0727n.06
Filed: August 18, 2005

No. 04-5930

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JAVIER RUIZ-PEREIDA, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: CLAY and GIBBONS, Circuit Judges; and STAFFORD, District Judge.[*]

   **JULIA SMITH GIBBONS, Circuit Judge.** Javier Ruiz-Pereida pled guilty to violating

8 U.S.C. § 1326(b), illegal reentry by a deported alien. The district court sentenced Ruiz-Pereida

to fifty-seven months imprisonment followed by two years supervised release. Ruiz-Pereida appeals

the enhancement of his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A).

**I.**

   Ruiz-Pereida, a native and citizen of Mexico, was stopped by Memphis police for a traffic

violation on January 24, 2004. The police officer discovered that Ruiz-Pereida possessed marijuana

and arrested him. Subsequent to the arrest, a search of the immigration computer database revealed

---

   [*]The Honorable William Stafford, United States District Judge for the Northern District of
Florida, sitting by designation.

1

that Ruiz-Pereida was admitted to the United States on October 11, 1976, as a lawful permanent resident, but was ordered removed by an immigration judge sitting in El Centro, California, and was deported on September 21, 2000. Ruiz-Pereida's deportation was based on his August 26, 1998, conviction for possession of a controlled substance and his March 28, 1990, conviction for voluntary manslaughter. The Attorney General certified that Ruiz-Pereida had not applied for or received consent to re-enter the United States.

Ruiz-Pereida was indicted by a federal grand jury on February 10, 2004. He was charged with being an alien who had previously been deported from the United States and was unlawfully found in the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The indictment also noted that the statutory maximum prison sentence for the offense was twenty years. Ruiz-Pereida pled guilty to the charge pursuant to a plea agreement. Ruiz-Pereida was informed by the district court judge during the plea colloquy that he could be sentenced to a maximum of twenty years imprisonment. During the plea colloquy, Ruiz-Pereida agreed with the government's statement that the factual basis for the plea included proof that Ruiz-Pereida was deported subsequent to his convictions for voluntary manslaughter and possession of cocaine.

The presentence report ("PSR") recommended increasing Ruiz-Pereida's offense level by sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) because the appellant had previously been convicted of a drug trafficking felony and sentenced to more than thirteen months imprisonment. Ruiz-Pereida filed a position paper challenging the application of § 2L1.2(b)(1)(A) to his sentence as unconstitutional in light of *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). At the sentencing hearing on July 23, 2004, the district court judge

2

adopted the findings of the PSR, denied Ruiz-Pereida's objections, and sentenced him to a term of fifty-seven months imprisonment, two years of supervised release, and a $100.00 special assessment.

## II.

Ruiz-Pereida pled guilty to re-entering the United States after deportation without the permission of the Attorney General in violation of 8 U.S.C. § 1326. The statute provides for a maximum sentence of two years unless the defendant was removed from the United States after having committed a felony. 8 U.S.C. § 1326(a). The sentencing guidelines provide that an offense level should be increased by sixteen levels if the defendant was deported or unlawfully remained in the United States after being convicted for "a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months" or "a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A). Ruiz-Pereida's conviction for possession of cocaine satisfies the requirements of U.S.S.G. § 2L1.2(b)(1)(A).

Ruiz-Pereida concedes that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "presently permit the district court to rely upon the 'fact of a prior conviction' in deciding whether a defendant's sentence may be enhanced," but nevertheless argues that "this 'fact' alone will not permit the court to find that his prior convictions should legally be included in that class of felonies enumerated in § 2L1.2(b)(1)(A) of the Guidelines."[1] The prior conviction sentencing enhancement of 8 U.S.C. § 1326(b)(2) has been held

---

[1]Appellant's brief speculates that the holding in *Almendarez-Torres* could be called into question by the anticipated decision in *Shepard v. United States*, 125 S. Ct. 1254 (2005), a case which has now been decided. *Shepard* held that sentencing courts are not permitted to look at police reports in determining whether a burglary was a "generic burglary" under the Armed Career Criminal Act. *Id.* at 1262-63 (stating that "[w]hile the disputed fact here can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to *Jones* [*v. United States*, 526 U.S. 227 (1999)] and

constitutional by the Supreme Court and this court. *Almendarez-Torres*, 523 U.S. at 226-227; *United States v. Gatewood*, 230 F.3d 186, 192 (6th Cir. 2000).

The Supreme Court has held that 8 U.S.C. § 1326(b) is a "penalty provision" and, consequently, the government need not allege it in the indictment, nor prove beyond a reasonable doubt that the defendant's removal was precipitated by the commission of an aggravated felony. *Almendarez-Torres*, 523 U.S. at 226-27. The defendant in *Gatewood* alleged that his prior convictions were not specified in the indictment and, therefore, the application of the three strikes statute, which increased his sentence to life imprisonment, violated due process. *Gatewood*, 230 F.3d at 188-89. Relying on *Almendarez-Torres*, this court held that prior convictions need not be included in the indictment. *Id*. at 192. Additionally, "*Apprendi* does not require the nature or character of prior convictions to be determined by a jury." *United States v. Barnett*, 398 F.3d 516, 524 (6th Cir. 2005).

*United States v. Booker*, 125 S. Ct. 738 (2005), decided subsequent to the briefing in this case, held that the federal sentencing guidelines are subject to jury trial requirements of the Sixth Amendment. Like *Apprendi*, *Booker* specifically exempts prior convictions stating that, "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the

---

*Apprendi*, to say that *Almendarez-Torres* clearly authorizes a judge to resolve the dispute."). Unlike *Shepard*, in the instant case the district court did not have to look beyond statutory definitions to determine that Ruiz-Pereida's prior convictions were for aggravated felonies. In short, the district court here did not "go[] beyond conclusive records made or used in adjudicating guilt and look[] to documents submitted to lower courts even prior to charges" or examine police reports to determine whether or not Ruiz-Pereida's prior convictions were aggravated felonies. *Id*. at 1260. Therefore *Shepard* does not support Ruiz-Pereida's contention that the district court erred in applying the sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A).

4

defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756 (emphasis added). This court has held that "there is no language in *Booker* suggesting that the Supreme Court, as part of its remedial scheme adopted in that case, intended to alter the exception to *Apprendi* allowing district courts to consider the fact and nature of prior convictions without submitting those issues to the jury." *Barnett*, 398 F.3d at 525.

"However, it is plain error in this circuit to sentence a person under the presumption that the Guidelines were mandatory." *United States v. Bondurant*, No. 04-5935, Slip Op. 3 (6th Cir. July 13, 2005) (citing *Barnett*, 398 F.3d at 525). The district court did not indicate how the appellant would have been sentenced under advisory as opposed to mandatory Guidelines. Therefore, we affirm the district court's application of the Guidelines, but vacate Ruiz-Pereida's sentence and remand the case for resentencing.

## III.

For the foregoing reasons, we vacate Ruiz-Pereida's sentence and remand the case for resentencing under *Booker.*