actually a "sentence of imprisonment" of eight months, because that is the time he served.

The United States first argues that there is no evidence in the record that the remainder of Murillo-Iniguez's sentence was suspended, as would be necessary for him to be entitled to a reduction in the enhancement in his sentence. In fact, as the United States points out, Murillo-Iniguez was released August 8, 1998, but the day before, August 7, the Immigration and Naturalization Service issued Murillo-Iniguez a notice to appear for a removal proceeding. We agree with the United States that the early release from incarceration was plausibly to facilitate deportation.

Even if the sentence were suspended, however, Murillo-Iniguez was subject to the November 2000 version of the Sentencing Guidelines. "Normally, the sentencing court must use the Guidelines in effect at the time of sentencing." *United States v. Milton*, 27 F.3d 203, 210 (6th Cir. 1994). Murillo-Iniguez does not suggest that the amendment of the Guidelines was meant to be retroactive or that it merely clarifies the former version. The changes in the Guideline are substantive. As a result, there is no reason that Murillo-Iniguez should be sentenced under the amended Guidelines. His sentence enhancement of sixteen levels for the prior conviction of an aggravated felony was proper.

For the foregoing reasons, we AFFIRM the judgment and sentence of the district court.

---

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0041P (6th Cir.)
File Name: 03a0041p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                    No. 01-3485

JULIO CESAR MURILLO-INIGUEZ,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 00-00760—James G. Carr, District Judge.

Argued: January 30, 2003

Decided and Filed: February 5, 2003

Before: MARTIN, Chief Circuit Judge; MERRITT and
LAY, Circuit Judges.

---

[*] The Honorable Donald P. Lay, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

———————

**COUNSEL**

———————

**ARGUED:** Elaine Mittleman, Falls Church, Virginia, for Appellant. David O. Bauer, ASSISTANT UNITED STATES ATTORNEY, Toledo, Ohio, for Appellee. **ON BRIEF:** Elaine Mittleman, Falls Church, Virginia, for Appellant. David O. Bauer, ASSISTANT UNITED STATES ATTORNEY, Toledo, Ohio, for Appellee.

———————

**OPINION**

———————

BOYCE F. MARTIN, Jr., Chief Circuit Judge. Julio Cesar Murillo-Iniguez appeals his sentence for illegal reentry into the United States in violation of 8 U.S.C. §1326 (a). He argues the district court failed to explicitly find that his original deportation was based on an aggravated felony; that the interpretation of the statute under which he was convicted is undermined by the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); that the district court made no finding as to his "sentence of imprisonment;" and that he should be sentenced under the amended United States Sentencing Guidelines not yet in effect when he was sentenced. As a result, Murillo-Iniguez argues, he is entitled to a remand for resentencing. For the following reasons, we AFFIRM the sentence of the district court.

On September 6, 2000, Murillo-Iniguez was charged, under 8 U.S.C. § 1326, with unlawful reentry into the United States without the permission of the Attorney General. On December 7, Murillo-Iniguez pled guilty to the charge, having been previously deported by the Immigration and Naturalization Service in September of 1998. On April 16, 2001, he was sentenced. Because Murillo-Iniguez was convicted in 1997 of violating 21 U.S.C. § 952(a)(1), importation of cocaine, the district court ruled he was subject to a sentence enhancement. The 1997 offense counted as an

suspended, 'sentence of imprisonment' refers only to the portion that was not suspended."

This finding would be germane, Murillo-Iniguez argues, because the Guidelines Section under which he was sentenced for the illegal reentry, Section 2L1.2, was amended in November of 2001. Whereas the section formerly applied the increase of sixteen levels for a conviction of aggravated felony, the section now tiers the enhancement as follows:

§ 2L1.2. UNLAWFULLY ENTERING OR REMAINING IN THE UNITED STATES
(a) Base Offense Level: 8
(b) Specific Offense Characteristic
(1) Apply the Greatest:
If the defendant previously was deported, or unlawfully remained in the United States, after--
(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense committed for profit, increase by 16 levels;
(B) a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels;
(C) a conviction for an aggravated felony, increase by 8 levels;
(D) a conviction for any other felony, increase by 4 levels; or
(E) three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, increase by 4 levels.

Murillo-Iniguez argues that this amended Guideline should apply to his sentencing, even though it became effective six months after he was sentenced. He argues that he is entitled to a finding as to whether his sentence of fifteen months was

F.3d 1329, 1332 (10th Cir. 2000); *United States v. Sandoval-Rocca,* No. 00-4474, 2000 WL 1836771, 2 (4th Cir. Dec. 14, 2000).

Murillo-Iniguez, however, would not succeed in an *Apprendi* claim even had we decided to differ with our sister circuits. The United States is correct in pointing out that Murillo-Iniguez has focused on the wrong aspect of *Apprendi*'s core holding. In this holding, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," 530 U.S. at 490. Ultimately, what matters to Murillo-Iniguez is that his aggravated felony did not increase the penalty for his crime beyond the statutory maximum. The statutory maximum for a violation of 8 U.S.C. § 1326 is twenty years. Murillo-Iniguez received a sentence of seventy months. Although the recommended guideline range was affected by the fact of the aggravated felony finding, as we noted in *United States v. Garcia*, 252 F.3d 838, 843 (6th Cir. 2001), "*Apprendi* does not purport to apply to penalties in excess of any particular range or based on any particular offense level under the Sentencing Guidelines." So long as the penalty does not exceed the maximum statutory penalty allowed for the offense, then *Apprendi* is not implicated. *See also United States v. Harper*, 246 F.3d 520, 531 (6th Cir. 2001) (reversed on other grounds).

Murillo-Iniguez makes a final two-part argument about his sentence. First, he claims that there was no explicit finding in the district court as to his "sentence of imprisonment" for the 1997 conviction, a finding that matters if he is successful in his second argument, below. While Murillo-Iniguez was sentenced to fifteen months in prison for the drug conviction, he only served about nine months of that sentence. The record does not explain this discrepancy. The Sentencing Guideline § 4A1.2 says, "(b) Sentence of Imprisonment Defined: (1) The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed. (2) If part of a sentence of imprisonment was

"aggravated felony." Murillo-Iniguez objected to the characterization of this offense as such, both in the pre-sentence report and at sentencing. The district court heard argument on the objection, overruled it, and noted counsel's exception.

Because Murillo-Iniguez's 1997 conviction was considered an "aggravated felony," his base offense level was eight, and the enhancement increased the offense level by sixteen to twenty-four. Murillo-Iniguez was sentenced to seventy months in jail. He now appeals his sentence.

The factual findings of the district court will be overturned only when they are clearly erroneous. *United States v. Hopkins*, 295 F.3d 549, 551 (6th Cir. 2002). The district court's interpretation or application of a particular Sentencing Guideline provision to the facts is a question of law, subject to de novo review. *Id.*

Murillo-Iniguez first claims that the district court failed to make a finding as to whether or not his cocaine offense constituted an "aggravated felony" for purposes of the sentence enhancement under Guidelines Section 2L1.2(b)(1)(A). Section 1326(b)(2), Title 8, states that "[c]riminal penalties for reentry of [previously deported aliens] whose removal was subsequent to a conviction for commission of an aggravated felony . . . shall be fined under such Title [18], imprisoned not more than 20 years, or both." The sentence enhancement is authorized by the Sentencing Guidelines Section 2L1.2(b)(1)(A). This Section specifies a sixteen-level enhancement from a base level of eight for reentry of an alien with a previous conviction for an aggravated felony. An aggravated felony, according to the Guideline application notes, is defined at 8 U.S.C. § 1101(a)(43). U.S.S.G. § 2L1.2, cmt. n. 1. Among the felonies listed in Section 1101 is "illicit trafficking in a controlled substance." 8 U.S.C. § 1101(a)(43)(B). Because Murillo-Iniguez's 1997 conviction under 21 U.S.C. § 952 falls under the Controlled Substance Import and Export Act, and because the offense was a felony (an offense punishable

by more than one year), the offense qualifies as an "aggravated felony."

Murillo-Iniguez nevertheless claims that the district court never made an explicit finding as to that fact. We review the record as a whole to determine whether or not the district court was aware of his discretion in the matter and properly exercised that discretion in making an informed legal judgment. As the United States points out, Murillo-Iniguez objected to the characterization of his offense as an "aggravated felony" in the pre-sentence report. He claimed because he did not intend to distribute the cocaine, his was not a drug trafficking offense. The Probation Officer preparing the report responded to the objection, stating the personal use claim was self-serving and that the amount of cocaine at issue, eighty-seven grams, was not consistent with personal use, exposing Murillo-Iniguez to punishment of up to twenty years. The objection and response were made part of the pre-sentence report the district court received.

Murillo-Iniguez renewed his objection at the sentencing. The court heard argument on the question, and the United States noted that eighty-seven grams is about $8700 worth of cocaine. The United States Attorney went on to note that common street usage or sale is between half a gram and a full gram. Murillo-Iniguez had eighty-seven grams, an amount inconsistent with personal use. Further, the United States pointed out, Murillo-Iniguez has no apparent livelihood, and he would have no means to purchase this kind of amount for his own use. The court heard from Murillo-Iniguez, and it then announced that the only way it could reduce the sentence would be if it found the criminal history category overstated the criminal history. Based on the sentencing decision the district court made and the evidence in the record, the district court did in fact make a finding that Murillo-Iniguez's 1997 conviction constituted an "aggravated felony" for purposes of sentence enhancement.

Murillo-Iniguez next raises the question of whether his prior conviction for an aggravated felony was an element of

the offense of illegal entry or simply a sentencing factor. This question was answered by the Supreme Court in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). The Court held that Section 1326(b)(2) was a "penalty provision, which simply authorizes a court to increase the sentence for a recidivist." *Id.* at 226. As we analyzed the opinion in *United States v. Gatewood,* 230 F.3d 186, 192 (6th Cir. 2000), we said, "The Court rejected the argument that, because the fact of recidivism increased the maximum penalty to which a defendant was exposed, Congress was constitutionally required to treat recidivism as an element of the crime that must be charged in the indictment and proven beyond a reasonable doubt."

This holding, in spite of Murillo-Iniguez's argument, was not explicitly overruled by *Apprendi v. New Jersey. Apprendi*'s rule holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. We have said, "Although the Court's decision in *Apprendi* arguably casts doubt on the correctness of the holding in *Almendarez-Torres*, . . . . *Almendarez-Torres* remains the law." *Gatewood*, 230 F.3d at 192.

Although we have no published opinions on the issue, we now choose to join with our sister circuits in resolving the question as it specifically applies to Murillo-Iniguez's argument. We agree with our sister circuits that the defendant's prior conviction was an "aggravated felony" within the meaning of Section 1326 because 18 U.S.C. § 924(c) together with 8 U.S.C. § 1101(a)(43)(b) explicitly so state. The district court had no choice but to so interpret the plain language of these statutes as it did. There is no *Apprendi* claim in this case. *See United States v. Kempis-Bonola*, 287 F.3d 699, 702 (8th Cir. 2002); *see also United States v. Mercedes*, 287 F.3d 47, 53 (2d Cir. 2002); *United States v. Arellano-Rivera*, 244 F.3d 1119, 1127 (9th Cir. 2001); *United States v. Palomino-Rivera,* 258 F.3d 656, 661 (7th Cir. 2001); *United States v. Martinez-Villalva*, 232