RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0131P (6th Cir.)
File Name: 03a0131p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

  No. 02-5109

RAFAEL PEREZ-OLALDE,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 01-00072—R. Leon Jordan, District Judge.

Argued: April 14, 2003

Decided and Filed: May 6, 2003

Before: SILER, GILMAN, and GIBBONS, Circuit Judges.

———————————

### COUNSEL

**ARGUED:** Mike Whalen, Knoxville, Tennessee, for Appellant. F. M. Hamilton III, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Mike Whalen, Knoxville, Tennessee, for Appellant. J. Edgar Schmutzer, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee.

———————————

### OPINION

———————————

SILER, Circuit Judge. Defendant Rafael Perez-Olalde appeals his sentence of seventy months' imprisonment. He argues that he cannot be sentenced under 8 U.S.C. § 1326(b)(2) when the indictment charges a violation of only 8 U.S.C. §1326(a). He further argues that his sentence cannot be enhanced based on a prior conviction that was not included in the "Notice of Sentence Enhancement." For the reasons stated below, we **AFFIRM**.

### I.

On May 15, 2001, Perez-Olalde was indicted under 8 U.S.C. § 1326(a) for illegal re-entry after deportation. Shortly thereafter, the Government filed a "Notice of Sentence Enhancement," stating that due to a prior heroin conviction, Perez-Olalde would be subject to an enhanced sentence under 8 U.S.C. § 1326 (b). Perez-Olalde pled guilty without a plea agreement. The probation office prepared a presentence report, including an enhancement for the heroin conviction. Perez-Olalde objected to the enhancement, noting that the probation office had used the wrong version of the Sentencing Guidelines. The probation office then prepared a revised presentence report, including an enhancement for a second-degree assault conviction, citing USSG § 2L1.2(b)(1)(A). On January 15, 2002 (one month after submission of the revised presentence report), the district court sentenced Perez-Olalde to seventy months' imprisonment.

### II.

We review constitutional challenges to a sentence de novo. *United States v. Campbell*, 279 F.3d 392, 397 (6th Cir. 2002).

Perez-Olalde argues that he cannot be sentenced under 8 U.S.C. § 1326(b)(2) when the indictment charges a

violation of only 8 U.S.C. §1326(a). This issue was addressed by this court in *United States v. Aparco-Centeno*, 280 F.3d 1084 (6th Cir. 2002). There, we found that the law of this circuit remains as stated in *Almendarez-Torres v. United States*, 523 U.S. 224 (1995), i.e., that § 1326(b) lists sentencing factors rather than a separate crime, and therefore a § 1326(a) indictment need not include previous aggravated felonies for the defendant to be sentenced under the provisions of § 1326(b). *Aparco-Centeno*, 280 F.3d at 1090.

Perez-Olalde argues that a due process violation occurred when the district court enhanced his sentence based on a prior conviction that was not set out in the "Notice of Sentence Enhancement." Specifically, the Government's "Notice of Sentence Enhancement" cited the heroin conviction, but due to the change in Sentencing Guidelines the district court relied upon the second-degree assault conviction to enhance the sentence. Unlike certain drug cases, there is no requirement under 8 U.S.C. § 1326 or the Rules of Criminal Procedure mandating that the Government file a notice stating that, due to a prior conviction, the defendant will be subject to an enhanced sentence. *Compare* 21 U.S.C. § 851(a)(1) (noting a statutory requirement in certain drug cases that "[n]o person who stands convicted of an offense . . . shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon"). Moreover, Perez-Olalde had ample notice that the district court would consider the second-degree assault conviction as a possible basis for sentence enhancement.

**AFFIRMED.**