NOT FOR PUBLICATION
File Name: 06a0433n.06
Filed: June 22, 2006

NO. 05-6682

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA

     Plaintiff-Appellee,

                                  ON APPEAL FROM THE
v.                             UNITED STATES DISTRICT
                                  COURT FOR THE MIDDLE
ALEX LOUIS,                    DISTRICT OF TENNESSEE

     Defendant-Appellant.

_____/

BEFORE:    SUHRHEINRICH and GRIFFIN, Circuit Judges, and SPIEGEL, District Judge.[*]

**PER CURIAM.** Defendant-Appellant Alex Louis pleaded guilty to re-entry of a previously deported alien, in violation of 8 U.S.C. § 1326. The district court sentenced him to a term of imprisonment of seventy-eight months, followed by three years of supervised release. Louis argues that the use at sentencing of a prior felony conviction not charged in the indictment as an element of the offense violated his constitutional right, and that his sentence was unreasonable. For the reasons that follow, we **AFFIRM**.

**I.**

Louis is a native of Haiti. Around 1979, he first entered the United States at the age of three to reunite with his mother, who had fled Haiti in search of employment.

On January 7, 2005, the Bureau of Immigration and Customs Enforcement ("ICE") received

_____

[*]The Honorable S. Arthur Spiegel, United States District Court Judge for the Southern District of Ohio, sitting by designation.

an anonymous call that Louis, under the alias Bobby Stone, was an inmate in the Tennessee Department of Correction and had previously been deported following a felony conviction. A fingerprint check revealed an extensive criminal history, which included convictions for robbery, the sale of cocaine, and false statement in the application and use of a passport.

On May 16, 2005, a grand jury indicted Louis for illegal re-entry into the United States. (J.A. 5-6.) The government filed a notice of sentencing enhancement for Louis' previous conviction of an aggravated felony, pursuant to 8 U.S.C. §§ 1101(a)(43) and 1326(b)(2). The effect of the enhancement was a statutory maximum of twenty years' imprisonment (*id.*) and a sixteen-level increase in his offense level

Louis pleaded guilty to the charge in the indictment, but not to the sentencing enhancement. The district court held a sentencing hearing on October 28, 2005. Finding the sentencing enhancement appropriate, the district court sentenced Louis to a term of imprisonment of seventy-eight months, which the court recommended be served in an institution as close as possible to Louis' home in south Florida. Louis' sentence also included three years of supervised release and a $100 special assessment.

## II.

Louis raises two issues on appeal: (1) whether the district court's finding of a sentencing enhancement for a previous aggravated felony violated Louis' Sixth Amendment right to a trial by jury, and (2) whether Louis' sentence was reasonable under *United States v. Booker*, 543 U.S. 220 (2005).

This Court reviews Louis' constitutional challenge de novo, *see United States v. Jackson*, 181 F.3d 740, 743 (6th Cir. 1999), and reviews his sentence for reasonableness, *see Booker*, 543

U.S. at 261.

## A.

Louis first challenges the inclusion of a sentencing enhancement for a previous aggravated felony, because the enhancement was not charged in the indictment and tried to a jury.[1]  He argues that proof of a previous aggravated felony is an element of the offense, not a sentencing factor.[2]  In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that 8 U.S.C. § 1326(b)(2) is a sentencing factor rather an element of the crime, and as such need not be proved to a jury beyond a reasonable doubt.  *Id.* at 235.  Nonetheless, Louis cites language from subsequent Supreme Court opinions to support his contention that *Almendarez-Torres* was incorrectly decided. *See Apprendi v. New Jersey*, 530 U.S. 466, 489-90 (2000) (noting in dicta that "it is arguable that *Almendarez-Torres* was incorrectly decided, and that a logical application of [*Apprendi*'s] reasoning . . . should apply if the recidivist issue were contested"); *id.* at 521 (Thomas, J., concurring) ("If a fact is by law the basis for imposing or increasing punishment–for establishing or increasing the prosecution's entitlement–it is an element."); *see also Shepard v. United States*, 544 U.S. 13, 27-28 (2005) (Thomas, J., concurring) ("[A] majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided. . . . [I]n an appropriate case, this Court should consider *Almendarez-Torres*' continuing viability.  Innumerable criminal defendants have been unconstitutionally sentenced under

---

[1]Louis does not allege that the district court's enhancement determination itself was erroneous, only that it should have been charged in the indictment and tried to a jury.

[2]Pursuant to U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2004) [hereinafter U.S.S.G.], the sentencing enhancement increased Louis' offense level by sixteen.  The proper Guidelines range, then, (with an offense level of 21 and Criminal History Category V) was 70-87 months.  U.S.S.G. § 5A.  Without the enhancement, the range would have been as low as 6-12 months.  *Id.*

the flawed rule in *Almendarez-Torres* . . . ." (internal citations omitted)); *id.* at 37 (O'Connor, J., dissenting) (criticizing the *Shepard* majority for potentially implicating *Apprendi*'s Sixth Amendment concerns with respect to recidivism determinations).

Louis concedes, however, that the Supreme Court has not overruled *Almendarez-Torres*. (Appellant's Br. 12-13.) Moreover, both Louis and the government cite numerous cases from this Circuit that reject the argument 8 U.S.C. § 1326(b)(2) is an element rather than a sentencing factor.[3] *See United States v. Perez-Olalde*, 328 F.3d 222, 223-24 (6th Cir. 2003); *United States v. Murillo-Iniguez*, 318 F.3d 709, 712-13 (6th Cir. 2003); *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088-90 (6th Cir. 2002); *United States v. Gatewood*, 230 F.3d 186, 192 (6th Cir. 2000) (en banc). In fact, Louis' sole purpose for raising this issue on appeal is to preserve it in the event the Supreme Court overrules *Almendarez-Torres*. (Appellant's Br. 14.)

*Almendarez-Torres* remains good law. *Gatewood*, 230 F.3d at 192. Subsequent decisions of the Supreme Court have reaffirmed its holding. *See Booker*, 543 U.S. at 244; *Blakely v. Washington*, 542 U.S. 296, 301 (2004). This Court may not overrule decisions of the Supreme Court. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997). Furthermore, we have continued post-*Booker* to reject arguments similar to Louis'. *See, e.g.*, *United States v. Beasley*, 442 F.3d 386, 391 (6th Cir. 2006); *United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir.), *cert. dismissed*, 126 S. Ct. 33 (2005). Therefore, we affirm the district court's previous aggravated felony determination.

**B.**

Louis also challenges the reasonableness of his sentence. He argues that the district court

---

[3]Louis admits "that current Sixth Circuit law is against him with respect to this issue on appeal." (Appellant's 14.)

-4-

failed to consider all of the sentencing factors of 18 U.S.C. § 3553(a) as required by *Booker*.[4] *See*

*Booker*, 543 U.S. at 259-60. Specifically, he contends that the district court failed to consider the

lack of a "fast track" sentencing scheme in the Western District of Tennessee that, Louis argues,

creates unwarranted sentencing disparities with other districts that employ such a scheme.

The so-called "fast track" allows the district court, upon motion of the government, to depart

downward not more than four levels pursuant to an early disposition program authorized by the

Attorney General and the local U.S. Attorney. U.S.S.G. § 5K3.1 (policy statement). It represents

the implementation of the congressional directive in section 401(m)(2)(B) of the Prosecutorial

Remedies and Other Tools to end the Exploitation of Children Today Act ("PROTECT Act"), Pub.

L. No. 108-21, 117 Stat. 650 (2003), to ease the burden of immigration cases on the courts. *See id.*

cmt. background. The Attorney General began authorizing fast-tracking programs in states

bordering Mexico, where courts faced large backlogs of illegal re-entry cases. *United States v.*

*Morales-Chaires*, 430 F.3d 1124, 1127 (10th Cir. 2005). Fast-tracking has since been expanded to

districts in Idaho, Nebraska, North Dakota, and Georgia, among others. *Id.* at 1127 n.1. However,

the Attorney General has not authorized its use in the Middle District of Tennessee.

The use of fast-tracking in some districts but not others necessarily creates the possibility

of geographical sentencing disparities. The issue under § 3553(a), however, is whether the

sentencing disparity is "unwarranted."

This Court addressed this issue in *United States v. Hernandez-Cervantes*, 161 F. App'x 508

---

[4]Those factors include the offense conduct and the history and characteristics of the defendant; the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to deter criminal conduct, to protect the public, to provide the defendant with needed training or treatment; the kinds of sentences available; the U.S. Sentencing Guidelines; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

(6th Cir. Dec. 23, 2005) (unpublished opinion). In that case, we noted that "Congress authorized, in the PROTECT Act, the precise disparities at issue in this case, so a court would have to override that legislative judgment in order to reduce a defendant's sentence on the fast-track basis." *Id.* at 512. We then concluded:

> The PROTECT Act legislative judgment is dispositive of the fast-tracking sentence disparity issue. The legislature instructed the courts, in § 3553(a)(6), to avoid "unwarranted sentencing disparities" but explicitly authorized disparities based on fast-tracking in the PROTECT Act. There is no conflict between these statutes: Congress determined, based on sound principles of judicial economy, that geographic sentencing disparities due to fast-tracking are not "unwarranted." These disparities therefore do not violate § 3553(a)(6) and the district court did not err by refusing Hernandez-Cervantes' fast-tracking argument.

*Id.* Louis has offered no reason–and we can think of none–for reconsidering that decision.

In any event, sentencing disparities are only one factor to consider in weighing the reasonableness of Louis' sentence. The district court expressly addressed nearly every factor found in § 3553(a), *cf. United States v. McBride*, 434 F.3d 470, 474 (6th Cir. 2006) (stating district courts need not engage in a "'ritualistic incantation'" of the § 3553(a) factors at sentencing (quoting *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005))), including the need to reflect the seriousness of the offense, to provide just punishment, and to protect society from a proven recidivist. Therefore, we conclude that Louis' sentence was reasonable.

### III.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.