**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 22, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GUILLERMO SANCHEZ-RUIZ,

    Defendant-Appellant.

No. 07-2239
(D.Ct. No. 2:07-CR-01221-JCH-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Circuit Judge, and **BARRETT** and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Guillermo Sanchez-Ruiz pled guilty, without entering into a plea

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

agreement, to a one-count information charging him with illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b).  Mr. Sanchez-Ruiz's 1996 deportation followed his 1992 felony conviction for transporting and selling a controlled substance.  He now appeals his thirty-seven-month sentence, arguing his sentence is unconstitutional because the district court treated his prior conviction as a sentencing factor rather than an element of his offense.  He also contends the district court erred in applying a sixteen-level increase to his offense level for his prior conviction because the government failed to give the "statutorily required notice" of facts concerning his prior felony conviction.  We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Sanchez-Ruiz's sentence.

I.  Factual and Procedural Background

On February 10, 2007, Mr. Sanchez-Ruiz, along with nine other individuals, was stopped in the United States by federal border patrol agents and, when questioned, admitted he was a citizen of Mexico in the United States illegally.  A subsequent immigration check established Mr. Sanchez-Ruiz had a prior 1992 conviction for transporting and selling a controlled substance for which he received a three-year sentence and, thereafter, in 1996, was deported.[1]

_____

[1]  We reference the conviction as occurring in 1992, even though the record and pleadings on appeal have conflicting references as to whether this conviction
(continued...)

The information charged Mr. Sanchez-Ruiz with being an alien who unlawfully reentered the United States after being deported without obtaining consent for admission in violation of 8 U.S.C. § 1326(a) and (b). The information did not mention Mr. Sanchez-Ruiz's prior 1992 conviction.

At the plea hearing Mr. Sanchez-Ruiz pled guilty, without entering into a plea agreement, to the one-count information charging him with illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b). In pleading guilty, he admitted he was an alien who returned to the United States illegally after having been deported. A few days after pleading guilty, Mr. Sanchez-Ruiz provided a verbal statement of acceptance of responsibility, stating he crossed the border into the United States knowing he was entering illegally after being previously deported.

Following these events, the probation officer prepared a presentence report calculating Mr. Sanchez-Ruiz's sentence under the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The probation officer set Mr. Sanchez-Ruiz's base offense level at eight pursuant to U.S.S.G. § 2L1.2(a)

[1](...continued)
occurred in 1992 or sometime in January 1993. For the purposes of the disposition of this appeal, we find it immaterial in which year his conviction occurred.

and increased his base level sixteen levels pursuant to § 2L1.2(b)(1)(A) because he had previously been deported following his 1992 felony drug conviction. The probation officer also calculated a three-level reduction for acceptance of responsibility, resulting in a total offense level of twenty-one. The presentence report also set Mr. Sanchez-Ruiz's criminal history category at III, which, together with an offense level of twenty-one, resulted in a recommended Guidelines sentencing range of forty-six to fifty-seven months imprisonment.

Mr. Sanchez-Ruiz filed a formal motion requesting a variance from the Guidelines range under 18 U.S.C. § 3553(a). At the sentencing hearing Mr. Sanchez-Ruiz renewed his request for a variance, and his counsel also explained Mr. Sanchez-Ruiz had withdrawn his previous objections to the presentence report regarding the sixteen-level offense increase and his 1992 conviction. In withdrawing these objections, Mr. Sanchez-Ruiz's counsel explained an issue had existed as to Mr. Sanchez-Ruiz's memory of that incident and that the probation officer submitted a very thorough report with fingerprint comparisons. The record contains no other documentation or discussion of these prior objections. After counsel explained Mr. Sanchez-Ruiz's objections had been withdrawn, the district court asked if any other objections existed, to which counsel stated, "[n]ot to the presentence report, Your Honor." R., Vol. 3 at 2.

The district court then adopted the facts contained in presentence report, explaining that absent any objections, no evidentiary hearing would be necessary. After considering Mr. Sanchez-Ruiz's request for a variance, together with the factual findings in the presentence report and the 18 U.S.C. § 3553(a) sentencing factors, the district court determined a downward variance was warranted based on the age of Mr. Sanchez-Ruiz's prior conviction, his lack of subsequent criminal history, and his stable employment history. As a result, the district court reduced his offense level to nineteen, which, together with a criminal history category of III, resulted in a Guidelines range of thirty-seven to forty-six months imprisonment. It then sentenced Mr. Sanchez-Ruiz to the low end of the Guidelines range at thirty-seven-months imprisonment.

## II.  Discussion

In his first argument, Mr. Sanchez-Ruiz contends his thirty-seven-month sentence is unconstitutional because the district court treated his prior conviction as a sentencing factor rather than an element of his offense. In making this argument, Mr. Sanchez-Ruiz concedes the Supreme Court, in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), held enhanced penalties for a prior conviction, such as his sixteen-level offense increase, are not elements of separate offenses, and need not be alleged in an indictment and proved beyond a reasonable doubt. He also acknowledges his "argument is presently foreclosed in

this circuit" by our decision in *United States v. Moore*, 401 F.3d 1220 (10th Cir. 2005).  Apt. Br. at 6.  However, Mr. Sanchez-Ruiz suggests that because some Supreme Court decisions have cast doubt on the continuing validity of *Almendarez-Torres*, he is raising the issue for the purpose of preserving it for future appeal.  He also acknowledges he did not raise this issue before the district court and therefore concedes the standard of review is plain error.

As Mr. Sanchez-Ruiz concedes, we review an alleged error affecting substantial rights raised for the first time on appeal for plain error.  *See* Fed. R. Crim. P. 52(b); *United States v. Mozee*, 405 F.3d 1082, 1090 (10th Cir. 2005). "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir.), *cert. denied*, 128 S. Ct. 113 (2007).

In applying this standard, we cannot say any error occurred.  Clearly, U.S.S.G. § 2L1.2(b)(1)(A)(i) recommends application of a sixteen-level sentencing enhancement if the defendant was deported after committing a drug trafficking offense, which in this case occurred after a 1992 drug offense conviction.  As Mr. Sanchez-Ruiz acknowledges, in *Almendarez-Torres* the Supreme Court held the existence of a prior conviction is a sentencing factor and

not a separate element of the offense which must be pled in an indictment charging a violation of 8 U.S.C. § 1326. *See* 523 U.S. at 228-35. As a result, the Supreme Court and this court have determined the government is not required to allege in the indictment the fact or existence of a prior aggravated felony conviction. *Id.* at 226-27; *United States v. Martinez-Villalva*, 232 F.3d 1329, 1332 (10th Cir. 2000). We have also determined the holding in *Almendarez-Torres* continues to stand following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See Moore*, 401 F.3d at 1223-24. Until the Supreme Court overrules *Almendarez-Torres*, this court is bound by such precedent. *See Moore*, 401 F.3d at 1224. Thus, in the instant case, we hold prior precedent fully forecloses Mr. Sanchez-Ruiz's argument on appeal.

As to Mr. Sanchez-Ruiz's second issue on appeal, it appears to be an alternative argument to avoid the Supreme Court's holding in *Almendarez-Torres*. He contends the government failed to give "statutorily required notice" of his prior felony conviction, as required by 21 U.S.C. § 851, making the district court's application of the sixteen-level increase for his prior conviction reversible error. Again, in making this argument, Mr. Sanchez-Ruiz concedes he failed to raise this issue before the district court, leaving us to review it for plain error.

We begin by examining the statute on which Mr. Sanchez-Ruiz relies, 21

U.S.C. § 851, which states in relevant part:

> No person who stands convicted of an offense *under this part* shall be sentenced to increased punishment by reason of one or more prior convictions, unless ... before entry of a plea of guilty, the United States attorney files an information with the court ... stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1) (emphasis added). The operative portion of this statute, for the purposes of this case, is the phrase "under this part," which limits application of § 851 to offenses in violation of Title 21, pertaining specifically to certain drug offenses. Here, Mr. Sanchez-Ruiz was convicted for violating Title 8, or more specifically, 8 U.S.C. § 1326, pertaining to previously deported aliens entering this country illegally. Thus, unlike drug cases relating to 21 U.S.C. § 851(a)(1), the statute under which Mr. Sanchez-Ruiz was convicted did not require the government to provide notice of his prior conviction in the information. *See United States v. Perez-Olalde*, 328 F.3d 222, 224 (6th Cir. 2003); *United States v. Garcia-Olmedo*, 112 F.3d 399, 401 (9th Cir. 1997), *overruled on other grounds by United States v. Ballesteros-Ruiz*, 319 F.3d 1101, 1104-06 (9th Cir. 2003). Accordingly, 21 U.S.C. § 851(a)(1) does not support Mr. Sanchez-Ruiz's argument or his attempt to skirt the Supreme Court's holding in *Almendarez-Torres,* which does not require the government to allege in the information charging a violation of 8 U.S.C. § 1326 either the fact or existence of Mr. Sanchez-Ruiz's prior felony conviction. *See* 523 U.S. at 226-27.

Finally, other than the issues raised on appeal, Mr. Sanchez-Ruiz does not suggest his sentence was incorrectly calculated in conjunction with application of the advisory Guidelines or that it is otherwise unreasonable under the 18 U.S.C. § 3553(a) sentencing factors. Even if we considered such an argument under our deferential abuse of discretion standard, *see United States v. Smart*, 518 F.3d 800, 802, 805-06 (10th Cir. 2008), nothing in the record persuades us Mr. Sanchez-Ruiz's sentence is unreasonable. The record does not reveal any errors in calculating the sentence and the district court in this case explicitly considered the sentencing factors in § 3553(a) and determined the requested variance was warranted. A presumption of reasonableness attaches to a sentence, like here, which is within the correctly-calculated Guidelines range, which Mr. Sanchez-Ruiz has not in any way rebutted. *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006) (*per curiam*).

III. Conclusion

For these reasons, we **AFFIRM** Mr. Sanchez-Ruiz's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge